**The Law Offices of Jeffrey Lohman, P.C.**
Alyson Dykes – Bar # 319835
4740 Green River Road
Suite 206
Corona, CA 92880
(866) 329-9217, Ext. 1007
(657) 227-0270- fax
Email: AlysonD@jlohman.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>            Plaintiff,<br><br>   vs.<br><br>PERFORMANCE SLC LLC,<br>PERFORMANCE SETTLEMENT LLC,<br>DANIEL J. CRENSHAW, and DOES 1-10<br><br>            Defendant. | Case No.: 8:18-cv-01093 |

**DEFENDANTS' PERFORMANCE SLC LLC, PERFORMANCE SETTLEMENT LLC and DANIEL J. CRENSHAW ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendants Performance SLC LLC, Performance Settlement LLC, and Daniel J. Crenshaw, (collectively referred to herein as "Defendants") by and through their attorneys, now answers Plaintiff's Complaint against them as follows:

Except as expressly admitted or qualified hereafter, Defendants deny each and every allegation of the Complaint.

## I.   INTRODUCTION

1. Defendants admit that Plaintiff alleges claims based on the Telephone Consumer

- 1 -

Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") in paragraph 1 under "INTRODUCTION."  Defendants deny they violated the TCPA.

## II.   PARTIES

2. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff is a natural person and a citizen of the State of Texas and therefore deny the same.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit that Daniel J. Crenshaw is a natural person and the chief executive officer of SLC and Settlement.  Defendants deny the remaining allegation in paragraph 5.

6. Defendants replying in this Answer have no knowledge of Does 1-10.  Defendants do not have sufficient information or knowledge to form a belief as to Does 1-10 and therefore deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

## III.   JURISDICTION AND VENUE

8. Defendants admit that jurisdiction in this Court is proper, except Defendants deny that Plaintiff has Article III standing under the United States Constitution.  Defendants deny allegations that Plaintiff has a claim relating to California's Unfair Competition Law.  Defendants deny the remainder of the allegations in paragraph 8.

9. Defendants admit that SLC and Settlement are both California LLC's with each having a principal place of business in California.  Defendants admit that this Court has general personal jurisdiction over each.

10. Defendants admit that the court has general personal jurisdiction over Mr. Crenshaw because he resides in California.

11. Defendants admits to this Courts jurisdiction based on general and personal jurisdiction, and deny the remainder of the allegations.

12. Defendants admit they reside in this district, and thus Venue is proper. Defendants deny the remainder of the allegations in paragraph 12.

### IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13. Paragraph 13 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

14. Paragraph 14 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

15. Paragraph 15 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

16. Paragraph 16 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

17. Paragraph 17 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

18. Paragraph 18 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

19. Defendants lacks information and knowledge sufficient to form a belief as to paragraph 19, and therefore deny such.

20. Paragraph 20 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

21. Paragraph 21 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

22. Paragraph 22 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

23. Paragraph 23 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

## V.     FACTUAL ALLEGATIONS

24. Paragraph 24 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

25. Paragraph 25 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

26. Paragraph 26 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

27. Paragraph 27 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

28. Paragraph 28 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

29. Paragraph 29 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

30. Paragraph 30 is a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny any allegations that are inconsistent with the law.

31. Defendants admits that it sells services that consolidate, negotiate or eliminate debt. Defendants deny remaining allegations.

32. Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in paragraph 32, and therefore deny such.

33. Defendants lack information and knowledge sufficient to form a belief as to the allegations contained in paragraph 32, and therefore deny such.

34. Defendants deny the allegations contained therein.

35. Defendants deny the allegations contained therein.

36. Defendants deny the allegations contained therein.

37. Defendants deny the allegations contained therein.

38. Defendants deny the allegations contained therein.

39. Defendants deny the allegations contained therein.

40. Defendants deny the allegations contained therein.

41. Defendants deny the allegations contained therein.

42. Defendants deny the allegations contained therein.

43. Defendants deny the allegations contained therein.

44. To the extent that any telephone calls were made or text messages sent to Plaintiff, Defendants admit they were not for emergency purposes. Defendants deny the remainder of the allegations.

45. Defendants deny the allegations contained therein.

46. Defendants deny the allegations contained therein.

47. Defendants deny the allegations contained therein.

48. Defendants lack information and knowledge sufficient to form a belief as to the

allegations contained in paragraph 48, and therefore deny such.

allegations contained in paragraph 48, and therefore deny such.

49. Defendants deny the allegations contained therein.

50. Defendants deny the allegations contained therein.

51. Defendants deny the allegations contained therein.

52. Defendants deny the allegations contained therein.

53. Defendants deny the allegations contained therein.

54. Defendants admit the allegations contained therein.

55. Defendants lack information and knowledge sufficient to form a belief as to the allegations related to a "Buyer Beware" report, and therefore deny such. Defendants deny the remainder of paragraph 55.

56. Defendants deny the allegations contained therein.

57. Defendants deny the allegations contained therein.

58. Defendants admit the allegations contained therein.

59. Defendants admit that Mr. Crenshaw is the most senior executive with hiring and firing power. Defendants deny the remainder of the allegations contained in paragraph 59.

60. Defendants deny the allegations contained therein.

### VI.   FIRST CLAIM FOR RELIEF

61. Defendants incorporate their responses to paragraphs 1 through 60 above.

62. Defendants deny the allegations contained therein.

63. Defendants deny the allegations contained therein.

64. Paragraph 64 contains a legal conclusion, therefore no response is required. To the extent a response is required, Defendants deny such.

65. Defendants deny the allegations contained therein.

## VII.   SECOND CLAIM FOR RELIEF

66. Defendants incorporate their responses to paragraphs 1 through 65 above.

67. Defendants deny the allegations contained therein

68. Defendants deny the allegations contained therein

69. Defendants deny the allegations contained therein

70. Paragraph 70 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such.

71. Defendants deny the allegations contained therein

## VIII.   THIRD CLAIM FOR RELIEF

72. Defendants incorporate their responses to paragraphs 1 through 71 above.

73. Defendants deny the allegations contained therein

74. Defendants deny the allegations contained therein

75. Defendants admit that Plaintiff is seeking a permanent injunction.  Defendants deny the remainder of the allegations in paragraph 75.

76. Defendants deny the allegations contained therein

## PRAYERS FOR RELIEF

Wherefore, Defendants pray for judgment as follows:

1. The Complaint and every cause of action therein be dismissed with prejudice.

2. Plaintiff's prayers for relief, and each and every one of them, be denied;

3. Judgment be entered in favor of Defendants;

4. Defendants be awarded their costs and attorneys' fees – if allowable – in this action; and

5. Defendants be awarded such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

As separate and distinct affirmative defenses to the purported cause of action in Plaintiff's Complaint, Defendants allege the affirmative defenses set forth below. By the following allegations, Defendants does not assume the burden of proving any fact or element of a cause of action where such burden properly belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Demand fails to set forth facts sufficient to state a claim against Defendants for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining his alleged claim because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(l)(A), for the calls allegedly made to his cellular telephone number.

### THIRD AFFIRMATIVE DEFENSE

The Demand is barred by the doctrines of waiver, estoppel, unclean hands and/or other equitable principles.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claim for damages is barred to the extent recovery would result in unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages as a result of the matters alleged in the Demand (which Defendants deny), Plaintiff failed to mitigate those damages, and the claims are therefore barred, in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery from Defendants for a willful or knowing violation of the TCPA because any such violation (which Defendants deny occurred) was not willful or knowing.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not "charged" for any of the alleged calls as required by 47 U.S.C. § 227(b)(l)(A)(iii).

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are not legally responsible for the damages that may be claimed by Plaintiff; however, if Defendants are found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, which are to be apportioned in accordance with the fault and legal responsibility of all nondefendant parties, persons, and entities, or the agents, servants, and employees of non-defendant parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim against Defendants because he has not suffered any cognizable injury or damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is without standing to bring this action because he lacks a concrete and particularized injury-in-fact as required by Article III of the U.S. Constitution and Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1546 (2016), as revised (May 24, 2016).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in that any damage Plaintiff sustained was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants state that any violation of the law, which Defendants deny occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to amend their answer should additional affirmative defenses become known.

Dated: August 3, 2018

RESPECTFULLY SUBMITTED

By: */s/ Alyson J. Dykes*
Alyson J. Dykes
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Alyson J. Dykes, hereby certify that on this 3rd day of August 2018, I electronically filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Alyson J. Dykes*
Alyson J. Dykes