1    Jon B. Fougner (State Bar No. 314097)
jon@fougnerlaw.com
2    600 California Street, 11th Fl.
3    San Francisco, CA 94108
Telephone: (415) 577-5829
4    Facsimile: (206) 338-0783

5

*Attorney for Plaintiff Craig Cunningham*

6

7    [Additional counsel appear on the
signature page]
8



IT IS SO ORDERED.
DATED: 2/25/2019
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

NOTE CHANGES MADE BY THE COURT

9

10            UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
11              SOUTHERN DIVISION

12

13    CRAIG CUNNINGHAM,

14                Plaintiff,

15        v.

16    PERFORMANCE SLC LLC,
PERFORMANCE SETTLEMENT
17    LLC, DANIEL J. CRENSHAW, and
DOES 1-10,
18

19              Defendants.

20

Case No. 8:18-cv-01093-AG-AGR

**STIPULATED PROTECTIVE ORDER** NOTE CHANGES MADE BY THE COURT

JURY TRIAL DEMAND

Action Filed: June 20, 2018
Trial Date: August 20, 2019

21

22

23       All parties, through their undersigned counsel, hereby stipulate as follows:

24

25    1.     <u>PURPOSES AND LIMITATIONS</u>

26       Disclosure and discovery activity in this action are likely to involve production

27 of confidential, proprietary, or private information for which special protection from

28 public disclosure and from use for any purpose other than prosecuting this litigation

1  may be warranted. Accordingly, the parties hereby stipulate to and petition the Court

2  to enter the following Stipulated Protective Order. Without waiving any objections to

3  disclosure of or conceding the relevance of the following information, the parties

4  anticipate that information that may be deemed confidential may include, without

5  limitation, financial, legal, familial, medical, political, religious or other private and

6  personal information.

7  2.    DEFINITIONS

8  2.1    Challenging Party: a Party or Non-Party that challenges the designation of

9  information or items under this Order.

10     2.2    "CONFIDENTIAL" Information or Items:  information (regardless of

11  how it is generated, stored or maintained) or tangible things that qualify for protection

12  under Federal Rule of Civil Procedure 26(c).

13     2.3    Counsel (without qualifier):  Outside Counsel of Record and House

14  Counsel (as well as their support staff).

15     2.4    Designating Party:  a Party or Non-Party that designates information or

16  items that it produces in disclosures or in responses to discovery as

17  "CONFIDENTIAL."

18     2.5    Disclosure or Discovery Material:  all items or information, regardless of

19  the medium or manner in which it is generated, stored, or maintained (including,

20  among other things, testimony, transcripts, and tangible things), that are produced or

21  generated in disclosures or responses to discovery in this matter.

22     2.6    Expert:  a person with specialized knowledge or experience in a matter

23  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

24  expert witness or as a consultant in this action.

25     2.7    House Counsel:  attorneys who are employees of a party to this action.

26  House Counsel does not include Outside Counsel of Record or any other outside

27  counsel.

28

2

STIPULATED PROTECTIVE ORDER

*Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR

2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving

3

1    Party or becomes part of the public domain after its disclosure to a Receiving Party as
2    a result of publication not involving a violation of this Order, including becoming part
3    of the public record through trial or otherwise; and (b) any information known to the
4    Receiving Party prior to the disclosure or obtained by the Receiving Party after the
5    disclosure from a source who obtained the information lawfully and under no
6    obligation of confidentiality to the Designating Party. Any use of Protected Material at
7    trial shall be governed by a separate agreement or order.

8    4.    DURATION

9        Even after final disposition of this litigation, the confidentiality obligations
10   imposed by this Order shall remain in effect until a Designating Party agrees
11   otherwise in writing or a court order otherwise directs. Final disposition shall be
12   deemed to be the later of (1) dismissal of all claims and defenses in this action, with or
13   without prejudice; and (2) final judgment herein after the completion and exhaustion
14   of all appeals, rehearings, remands, trials, or reviews of this action, including the time
15   limits for filing any motions or applications for extension of time pursuant to
16   applicable law.

17   5.    DESIGNATING PROTECTED MATERIAL

18       5.1    Exercise of Restraint and Care in Designating Material for Protection.
19   Each Party or Non-Party that designates information or items for protection under this
20   Order must take care to limit any such designation to specific material that qualifies
21   under the appropriate standards. The Designating Party must designate for protection
22   only those parts of material, documents, items, or oral or written communications that
23   qualify – so that other portions of the material, documents, items, or communications
24   for which protection is not warranted are not swept unjustifiably within the ambit of
25   this Order.

26       Mass, indiscriminate, or routinized designations are prohibited. Designations
27   that are shown to be clearly unjustified or that have been made for an improper

28                                                 4
                            STIPULATED PROTECTIVE ORDER
          *Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR

1  purpose (e.g., to unnecessarily encumber or retard the case development process or to

2  impose unnecessary expenses and burdens on other parties) expose the Designating

3  Party to sanctions.

4      If it comes to a Designating Party's attention that information or items that it

5  designated for protection do not qualify for protection, that Designating Party must

6  promptly notify all other Parties that it is withdrawing the mistaken designation.

7      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10  under this Order must be clearly so designated before the material is disclosed or

11  produced.

12      Designation in conformity with this Order requires:

13      (a)  for information in documentary form (e.g., paper or electronic

14  documents, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

16  page that contains protected material. If only a portion or portions of the material on a

17  page qualifies for protection, the Producing Party also must clearly identify the

18  protected portion(s) (e.g., by making appropriate markings in the margins).

19  A Party or Non-Party that makes original documents or materials available for

20  inspection need not designate them for protection until after the inspecting Party has

21  indicated which material it would like copied and produced. During the inspection and

22  before the designation, all of the material made available for inspection shall be

23  deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

24  it wants copied and produced, the Producing Party must determine which documents,

25  or portions thereof, qualify for protection under this Order. Then, before producing the

26  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend

27  to each page that contains Protected Material. If only a portion or portions of the

28
5
STIPULATED PROTECTIVE ORDER
*Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR

material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the

margins).

(b)  for testimony given in ~~pretrial or trial proceedings, that the Designating~~ ~~Party identify on the record, before the close of the hearing or other proceeding, all~~ ~~protected testimony.  For testimony given in~~ deposition proceedings, the Designating

Party may either (i) identify on the record, before the close of the deposition, all

protected testimony or (ii) identify the protected testimony by page and line number

within 15 days of receiving a certified copy of the transcript.

(c)  for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or item is stored the

legend "CONFIDENTIAL." If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this

Order.

6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

designation of confidentiality at any time. *Consistent with the court's schedule.* Unless a prompt challenge to a Designating

Party's confidentiality designation is necessary to avoid foreseeable, substantial

unfairness, unnecessary economic burdens, or a significant disruption or delay of the

litigation, a Party does not waive its right to challenge a confidentiality designation by

6

1  electing not to mount a challenge promptly after the original designation is disclosed.

2        6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

3  resolution process by providing written notice of each designation it is challenging

4  and describing the basis for each challenge. To avoid ambiguity as to whether a

5  challenge has been made, the written notice must recite that the challenge to

6  confidentiality is being made in accordance with this specific paragraph of the

7  Protective Order. The parties shall attempt to resolve each challenge in good faith and

8  must begin the process by conferring directly (in voice to voice dialogue; other forms

9  of communication are not sufficient) within 14 days of the date of service of notice. In

10  conferring, the Challenging Party must explain the basis for its belief that the

11  confidentiality designation was not proper and must give the Designating Party an

12  opportunity to review the designated material, to reconsider the circumstances, and, if

13  no change in designation is offered, to explain the basis for the chosen designation. A

14  Challenging Party may proceed to the next stage of the challenge process only if it has

15  engaged in this meet and confer process first or establishes that the Designating Party

16  is unwilling to participate in the meet and confer process in a timely manner.

17        6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

18  court intervention, the Designating Party shall file and serve a motion to retain

19  confidentiality under the local rules within 21 days of the initial notice of challenge or

20  within 14 days of the parties agreeing that the meet and confer process will not resolve

21  their dispute, whichever is earlier. Each such motion must be accompanied by a

22  competent declaration affirming that the movant has complied with the meet and

23  confer requirements imposed in the preceding paragraph. Failure by the Designating

24  Party to make such a motion including the required declaration within 21 days (or 14

25  days, if applicable) shall automatically waive the confidentiality designation for each

26  challenged designation. In addition, the Challenging Party may file a motion *consistent with the court's scheduling order*

27  challenging a confidentiality designation at any time if there is good cause for doing

28

7

STIPULATED PROTECTIVE ORDER

*Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR

1   so, including a challenge to the designation of a deposition transcript or any portions

2   thereof. Any motion brought pursuant to this provision must be accompanied by a

3   competent declaration affirming that the movant has complied with the meet and

4   confer requirements imposed by the preceding paragraph.

5        The burden of persuasion in any such challenge proceeding shall be on the

6   Designating Party. Frivolous challenges, and those made for an improper purpose

7   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

8   expose the Challenging Party to sanctions. Unless the Designating Party has waived

9   the confidentiality designation by failing to file a motion to retain confidentiality as

10  described above, all parties shall continue to afford the material in question the level

11  of protection to which it is entitled under the Producing Party's designation until the

12  court rules on the challenge.

13  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

14       7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

15  disclosed or produced by another Party or by a Non-Party in connection with this case

16  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

17  Material may be disclosed only to the categories of persons and under the conditions

18  described in this Order. When the litigation has been terminated, a Receiving Party

19  must comply with the provisions of section 13 below (FINAL DISPOSITION).

20       Protected Material must be stored and maintained by a Receiving Party at a

21  location and in a secure manner that ensures that access is limited to the persons

22  authorized under this Order.

23       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

24  otherwise ordered by the court or permitted in writing by the Designating Party, a

25  Receiving Party may disclose any information or item designated "CONFIDENTIAL"

26  only to:

27       (a) the Receiving Party's Outside Counsel of Record in this action, as well

28

1   as employees of said Outside Counsel of Record to whom it is reasonably necessary to

2   disclose the information for this litigation and who have signed the "Acknowledgment

3   and Agreement to Be Bound" that is attached hereto as Exhibit A;

4     (b)  the officers, directors, and employees (including House Counsel) of the

5   Receiving Party to whom disclosure is reasonably necessary for this litigation and

6   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7     (c)  Experts (as defined in this Order) of the Receiving Party to whom

8   disclosure is reasonably necessary for this litigation and who have signed the

9   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10    (d)  the court and its personnel;

11    (e)  court reporters and their staff, professional jury or trial consultants,

12  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

13  for this litigation and who have signed the "Acknowledgment and Agreement to Be

14  Bound" (Exhibit A);

15    (f)  during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Acknowledgment and Agreement to

17  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

18  by the court. Pages of transcribed deposition testimony or exhibits to depositions that

19  reveal Protected Material must be separately bound by the court reporter and may not

20  be disclosed to anyone except as permitted under this Stipulated Protective Order.

21    (g)  the author or recipient of a document containing the information or a

22  custodian or other person who otherwise possessed or knew the information.

23  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

24    <u>OTHER LITIGATION</u>

25    If a Party is served with a subpoena or a court order issued in other litigation

26  that compels disclosure of any information or items designated in this action as

27  "CONFIDENTIAL," that Party must:

28

1       (a)  promptly notify in writing the Designating Party. Such notification shall

2   include a copy of the subpoena or court order;

3       (b)  promptly notify in writing the party who caused the subpoena or order to

4   issue in the other litigation that some or all of the material covered by the subpoena or

5   order is subject to this Protective Order. Such notification shall include a copy of this

6   Stipulated Protective Order; and

7       (c)  cooperate with respect to all reasonable procedures sought to be pursued

8   by the Designating Party whose Protected Material may be affected.

9       If the Designating Party timely seeks a protective order, the Party served with

10   the subpoena or court order shall not produce any information designated in this

11   action as "CONFIDENTIAL" before a determination by the court from which the

12   subpoena or order issued, unless the Party has obtained the Designating Party's

13   permission. The Designating Party shall bear the burden and expense of seeking

14   protection in that court of its confidential material – and nothing in these provisions

15   should be construed as authorizing or encouraging a Receiving Party in this action to

16   disobey a lawful directive from another court.

17   9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED</u>

18       <u>IN THIS LITIGATION</u>

19       (a)  The terms of this Order are applicable to information produced by a

20   Non-Party in this action and designated as "CONFIDENTIAL." Such information

21   produced by Non-Parties in connection with this litigation is protected by the

22   remedies and relief provided by this Order. Nothing in these provisions should be

23   construed as prohibiting a Non-Party from seeking additional protections.

24       (b)  In the event that a Party is required, by a valid discovery request, to

25   produce a Non-Party's confidential information in its possession, and the Party is

26   subject to an agreement with the Non-Party not to produce the Non-Party's

27   confidential information, then the Party shall:

28   

10
STIPULATED PROTECTIVE ORDER
*Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR

1    (1)  promptly notify in writing the Requesting Party and the Non-Party

2    that some or all of the information requested is subject to a confidentiality agreement

3    with a Non-Party;

4    (2)  promptly provide the Non-Party with a copy of the Stipulated

5    Protective Order in this litigation, the relevant discovery request(s), and a reasonably

6    specific description of the information requested; and

7    (3)  make the information requested available for inspection by the Non-

8    Party.

9    (c)  If the Non-Party fails to object or seek a protective order from this court

10    within 14 days of receiving the notice and accompanying information, the Receiving

11    Party may produce the Non-Party's confidential information responsive to the

12    discovery request. If the Non-Party timely seeks a protective order, the Receiving

13    Party shall not produce any information in its possession or control that is subject to

14    the confidentiality agreement with the Non-Party before a determination by the court.

15    Absent a court order to the contrary, the Non-Party shall bear the burden and expense

16    of seeking protection in this court of its Protected Material.

17    10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19    Protected Material to any person or in any circumstance not authorized under this

20    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

21    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

22    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

23    persons to whom unauthorized disclosures were made of all the terms of this Order,

24    and (d) request such person or persons to execute the "Acknowledgment and

25    Agreement to Be Bound" that is attached hereto as Exhibit A.

26    11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

27    PROTECTED MATERIAL

28

1        When a Producing Party gives notice to Receiving Parties that certain
2   inadvertently produced material is subject to a claim of privilege or other protection,
3   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
4   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
5   may be established in an e-discovery order that provides for production without prior
6   privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
7   parties reach an agreement on the effect of disclosure of a communication or
8   information covered by the attorney-client privilege or work product protection, the
9   parties may incorporate their agreement in the stipulated protective order submitted to
10  the court.

11  12.    <u>MISCELLANEOUS</u>

12       12.1   Right to Further Relief. Nothing in this Order abridges the right of any
13  person to seek its modification by the court in the future.

14       12.2   Right to Assert Other Objections. By stipulating to the entry of this
15  Protective Order no Party waives any right it otherwise would have to object to
16  disclosing or producing any information or item on any ground not addressed in this
17  Stipulated Protective Order. Similarly, no Party waives any right to object on any
18  ground to use in evidence of any of the material covered by this Protective Order.

19       12.3   Filing Protected Material. A party that seeks to file any Protected
20  Material must comply with the local rules.

21  13.    <u>FINAL DISPOSITION</u>

22       Within 60 days after the final disposition of this action, as defined in paragraph
23  4, each Receiving Party must return all Protected Material to the Producing Party or
24  destroy such material. As used in this subdivision, "all Protected Material" includes
25  all copies, abstracts, compilations, summaries, and any other format reproducing or
26  capturing any of the Protected Material. Whether the Protected Material is returned or
27  destroyed, the Receiving Party must submit a written certification to the Producing
28

1  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

2  deadline that (1) identifies (by category, where appropriate) all the Protected Material

3  that was returned or destroyed and (2) affirms that the Receiving Party has not

4  retained any copies, abstracts, compilations, summaries or any other format

5  reproducing or capturing any of the Protected Material. Notwithstanding this

6  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

7  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

8  deposition and trial exhibits, expert reports, attorney work product, and consultant and

9  expert work product, even if such materials contain Protected Material. Any such

10  archival copies that contain or constitute Protected Material remain subject to this

11  Protective Order as set forth in Section 4 (DURATION).

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14      The CM/ECF user filing this paper attests that concurrence in its filing has been

15  obtained from its other signatory.

16

17  DATED: February 25, 2019          /s/ Jon B. Fougner

18                                    Email: jon@fougnerlaw.com
                                      Attorney for Plaintiff

19

20  DATED: February 25, 2019          /s/ Jeremy Branch

21                                    Email: jeremyb@jlohman.com
                                      Attorneys for Defendant

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of ***Cunningham v. Performance SLC, LLC***, **Case No. 8:18-cv-**

**01093-AG-AGR**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

14
STIPULATED PROTECTIVE ORDER
*Cunningham v. Performance SLC LLC*, Case No. 8:18-cv-01093-AG-AGR