UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL PLEADING ASSERTING COUNTERCLAIMS**

Plaintiff Craig Cunningham sued Defendants Performance SLC LLC ("SLC"), Performance Settlement LLC, and Daniel J. Crenshaw asserting claims for violations of the Telephone Consumer Protection Act (commonly referred to as "TCPA") and California's Unfair Competition Law. (*See generally* Compl., Dkt. No. 1.) Now Defendant SLC moves for leave to file a supplemental pleading asserting various counterclaims for fraud and violations of California Penal Code Sections 632 and 632.7. (*See generally* Mot., Dkt. No. 34.)

The Court DENIES SLC's motion.

**1. BRIEF BACKGROUND**

Between March 2017 and August 2017, SLC allegedly made more than sixty robocalls to Plaintiff's cellphone without Plaintiff's consent. (Compl. at ¶¶ 1, 60.) So in June 2018, Plaintiff sued SLC and three other defendants, asserting claims for violations of the TCPA and California's Unfair Competition Law. (*Id.*) Roughly two weeks later, SLC filed an answer to Plaintiff's complaint containing no counterclaims. (*See generally* Answer, Dkt. No. 18.)

The parties then proceeded with their initial disclosures and began serving each other with discovery requests. (Opp'n, Dkt. No. 39 at 4.) On November 1, 2018, SLC served Plaintiff with a set of interrogatories. (*Id.* (citing Decl. of Jon B. Fougner ("Fougner Decl."), Dkt. No. 39-2 at ¶ 8).) One of these interrogatories asked Plaintiff:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

> Did You electronically record, tape, or preserve telephone calls made to Defendants, voicemail messages left for Defendants, voicemail messages left for Defendants, voicemail messages received from Defendants, or any telephone conversations between You and Defendants, or are You aware of any such recordings? If your answer is in the affirmative, how many recordings existed and who is in possession of the recordings. [*sic*]

(*Id.*) On December 22, 2018, Plaintiff answered by saying, "Yes. Plaintiff will produce the call recordings. Their number speaks for itself." (*Id.*)

A short time later, on January 4, 2018, SLC deposed Plaintiff. (Mot. at 4.) During this deposition, SLC claims certain previously unknown facts came to light. (*Id.*) Specifically, SLC says Plaintiff admitted to two things. First, Plaintiff "revealed that he recorded every call between himself and [SLC], both inbound and outbound", using "an application on his phone". (*Id.*) And second, Plaintiff "revealed that he lied to [SLC] while filling out an application with [SLC] and during subsequent phone conversations" with SLC to further Plaintiff's basis for bringing this lawsuit. (*Id.* at 4-5.)

Then on February 6, 2018, the parties met and conferred about possibly stipulating to allow SLC to file a counterclaim against Plaintiff for violating California Penal Code Section 632.7. (Decl. of Jeremy E. Branch ("Branch Decl."), Dkt. No. 34-1 at ¶ 6.) Section 632.7 prohibits unlawful recording of telephone calls "without the consent of all parties to a communication". *See* Cal. Penal Code § 632.7; *see also id.* at § 637.2(a) (providing a civil remedy to persons injured because of a Section 632 violation). Plaintiff's counsel refused to stipulate to the proposed counterclaim. (Branch Decl. at ¶ 6.) So SLC brought this motion, seeking leave to file a supplemental pleading asserting the following five counterclaims: (1) "common-law fraud"; (2) "fraud by nondisclosure"; (3) "intentional misrepresentation'; (4) "violation of [California] Penal Code Section 632"; and (4) "violation of [California] Penal Code Section 632.7". (*See generally* Proposed Counterclaim, Dkt. No. 341.)

## 2. LEGAL STANDARD

SLC seeks to supplement its answer under Federal Rule of Civil Procedure 15(d). Rule 15(d) permits a party to supplement its pleadings for "any transaction, occurrence, or event that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

happened after the date of the pleading to be supplemented." Fed. R Civ. P. 15(d). The standard for granting or denying leave to supplement under Rule 15(d) is the same as that for amending pleadings under Rule 15(a). *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Paralyzed Veterans of America v. McPherson*, No. C 06-4670 SBA, 2006 WL 3462780, at *26 (N.D. Cal. Sept. 9, 2008)).

Once a district court files a scheduling order establishing a timetable for amending pleadings, a motion seeking leave to amend (and thus, a motion seeking leave to supplement) is first governed by Rule 16(b) and secondarily by Rule 15(a). *See In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) requires the moving party to show "good cause" for amending the scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607. Good cause may exist if the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607). Then, applying Federal Rule of Civil Procedure 15(a), "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

**3. ANALYSIS**

The Court issued a scheduling order in this case on October 2, 2018. (*See generally* Scheduling Order, Dkt. No. 25.) That order stated: "[a]bsent good cause, any motion to . . . amend a pleading shall be filed and served within 60 days after the date of this Order and noticed for a hearing occurring within 90 days after the date of this Order." (*Id.* at 3.) Because SLC's motion was filed long after this sixty-day period lapsed, SLC must first show good cause to amend the scheduling order under Rule 16(b) before this Court can grant leave to supplement under Rule 15(d).

SLC's motion doesn't mention Rule 16(b). And although Plaintiff's opposition discusses Rule 16(b) at length, SLC failed to file a reply addressing Plaintiff's Rule 16(b) arguments. This leaves the Court in the awkward position of evaluating SLC's motion without any arguments from SLC regarding why Rule 16(b) might be satisfied. Nonetheless, the Court plows ahead, doing its best to distill what SLC's arguments might be based on the information before it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

SLC might argue good cause exists because Plaintiff's January 4, 2018 deposition alerted it for the first time to SLC's potential counterclaims against Plaintiff. Perhaps this is true for SLC's counterclaims alleging fraud. But the same can't be said for the call recording counterclaims. Why? Because several months before Plaintiff's deposition, SLC served Plaintiff with an interrogatory directly asking Plaintiff whether he recorded any telephone conversations with SLC. (*See* Fougner Decl. at ¶ 8). And on December 22, 2018, Plaintiff answered that interrogatory admitting to the recordings. (*Id.*) So SLC knew or should have known Plaintiff recorded his calls on December 22, 2018—two weeks before Plaintiff's deposition. Nonetheless, SLC waited three months to file this motion. Though SLC's delay in seeking leave to supplement shows a lack of diligence (and therefore, a lack of good cause), it's not just the length of SLC's delay that's the problem. It's also SLC's failure to explain why it didn't bring this motion earlier, particularly since SLC's proposed pleading isn't the kind of complex or technical pleading that might require a three-month drafting period. So the Court can't conclude good cause exists.

But even assuming good cause exists, the Court isn't convinced the interests of justice support SLC's request to file a supplemental pleading here. When deciding whether to give leave to amend (and thus, leave to supplement) courts consider the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments or supplements; (4) undue prejudice to the opposing party; and (5) futility of amendment or supplementation. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *Aten Int'l Co. v. Emine Tech. Co.*, No. SACV 090843 AG (MLGx), 2011 WL 13134915, at *1 (C.D. Cal. Mar. 23, 2011). But of all the factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003). Prejudice can be shown various ways, including where a motion to amend or supplement is made after the cutoff date for such motions, or where granting leave prolongs the discovery process. *See, e.g., Zivkovic*, 302 F.3d at 1087 (affirming district court's denial of plaintiff's motion for leave to amend filed five days before the close of discovery, where amendment would have required prolonged discovery); *see also Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d at 1138-39 (9th Cir. 2002) (denying leave to amend sought two weeks before discovery deadline since amendment would have required reopening discovering and delaying proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

The requested leave to supplement creates prejudice. Plaintiff's complaint pleads three claims for relief: two under the TCPA and a related claim under California's Unfair Competition Law. (*See* generally Compl.) SLC now asks to add five counterclaims for various permutations of fraud and illegal call recording, all of which involve elements and defenses unrelated to Plaintiff's underlying claims. (*See* Mot. at 10.) Thus, giving SLC its requested leave means greatly expanding the narrow scope of this case, thereby creating an unanticipated need for "substantial" new discovery. (*See* Opp'n at 12.) But because April 5, 2019 was the last day to serve discovery requests, adding SLC's proposed counterclaims now would force the Court to reopen and extend discovery by several months. (*See* Opp'n at 12.) This would in turn delay and drag out proceedings, causing prejudice to Plaintiff, who's entitled to having this matter promptly resolved. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." (citing *Solomon*, 151 F.3d at 1139)).

The risk of prejudice to Plaintiff is increased by the fact that Plaintiff didn't know of SLC's proposed counterclaims for fraud until recently. Indeed, Plaintiff claims that, during the parties' meet and confer, SLC only said it wanted to assert counterclaims for the call recordings. (Opp'n at 4, 8-9.) SLC mentioned nothing about its three counterclaims for fraud. (*Id.*) At this stage, permitting SLC to now add these claims when Plaintiff had no reason to suspect them amounts to prejudice.

There's also support for a finding of undue delay. As previously mentioned, SLC hasn't sufficiently shown it was diligent in alleging its counterclaims. It offers no explanation for the three-month delay between learning of Plaintiff's call recordings and filing this motion. Nor does SLC explain why it waited over two and a half months after learning of Plaintiff's purported fraud to assert its counterclaims for fraud.

The Court therefore DENIES SLC's motion for leave to file a supplemental pleading.

## 4. DISPOSITION

The Court DENIES SLC's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01093 AG (AGRx) | Date | April 30, 2019 |
|---|---|---|---|
| Title | CRAIG CUNNINGHAM V. PERFORMANCE SLC LLC ET AL. | | |

| | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |