UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1093-AG (AGRx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Performance SLC LLC., et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | | |
|---|---|---|---|
| Karl Lozada | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N /A | | N/A | |

**Proceedings:**   **MINUTE ORDER RE DEFENDANT PERFORMANCE SLC, LLC'S MOTION FOR WITHDRAWAL OF ADMISSIONS (Dkt. No. 53)**

Defendant Performance SLC, LLC ("SLC") filed a motion for withdrawal of admissions. (Dkt. No. 53.) Plaintiff filed an opposition. (Dkt. No. 55.) SLC filed a reply. (Dkt. No. 56.) The matter is appropriate for adjudication without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

*Factual Background*

The discovery cut-off date in this case was May 20, 2019. (Dkt. No. 24.)

On April 5, 2019, Plaintiff served a document entitled "Plaintiff's Set of Discovery 2 to Performance SLC, LLC." (Exh. 1 to Branch Decl.) Although the document stated that it contained discovery propounded pursuant to Fed. R. Civ. P. 26, 33 (interrogatories) and 34 (document requests), the document also contained requests for admission ("RFA") under Fed. R. Civ. P. 36.

SLC's responses to the RFAs were due on Monday, May 6, 2019. Fed. R. Civ. P. 6(a)(1)(C). SLC candidly states that it did not serve timely responses to the RFAs for the following reason. During the course of email communications on April 26, 2019, Plaintiff's counsel noted that Plaintiff had previously extended multiple extensions of time to respond to earlier discovery requests as a matter of professional courtesy, but "[g]iven the case schedule, it will be difficult for him to be equally lenient on this set of discovery. . . . If you anticipate requesting an extension, please let me know ASAP so that we can meet and confer about a solution that works for all parties." (Exh. D to Fougner Decl., Dkt. No. 55-6.) Defense counsel was in a deposition in a different case. He instructed his associate to address various issues raised by the emails, including a request for an extension of time. (Branch Decl. ¶¶ 6-7.) After the deposition, he spoke to his associate and was assured that she had handled everything. (*Id.* ¶ 8.) On May 9, 2019, around 11:54 p.m., defense counsel was informed about the deemed admissions by Plaintiff's counsel. (*Id.* ¶ 10.)

SLC served responses to the RFAs on May 10, 2019, the day after being notified about the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1093-AG (AGRx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Performance SLC LLC., et al. | | |

deemed admissions and four days after the responses were due. (*Id.* & Exh. 2.)[1] SLC objected to RFA Nos. 1-5, 7, 9-16, 22 and 25; denied RFA Nos. 6, 8, 17-19, 24, 26-27 and 29; and admitted RFA Nos. 20-21, 23 and 28.

*Legal Standards*

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3).

"A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Advisory Comm. Notes to 1970 Amendments.

*Discussion*

"[A] district court must specifically consider both factors under [Rule 36] before deciding a motion to withdraw or amend admissions." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Relief remains discretionary. "[W]hen a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so under the text of Rule 36(b)." *Id.* at 625. The court may consider other factors such as "whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.*

The first prong – whether withdrawal or amendment would promote the presentation of the merits – "'is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* at 622 (citation omitted). Defendant has made a sufficient showing under this first prong. SLC belatedly denied RFA Nos. 6, 8, 17-19, 24, 26-27 and 29. RFA No. 6 asks SLC to admit that it never obtained Plaintiff's prior express written consent to receive automated telemarketing from SLC. RFA Nos. 17-19 ask SLC to admit that it placed automated telemarketing calls to various numbers of Californians without their prior express written consent. Based on Defendants' Memorandum of Contentions of Facts and Law filed on July 15, 2019, Defendants intend to present evidence of express consent. (Dkt. No. 62 at 4, 5.) RFA No. 29 asks SLC to admit that every call to Plaintiff was made using a computer or server, or digital phone connected to a computer or server. The

---

[1] The associate took a leave of absence from the law firm in "early May" and resigned shortly thereafter. (Branch Decl. ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1093-AG (AGRx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Performance SLC LLC., et al. | | |

parties have apparently entered into a stipulation that Defendants contacted Plaintiff using a BlueRock system. (Dkt. No. 61 at 2.) There is no stipulation, however, as to what the BlueRock system is. Defendants intend to present evidence that the BlueRock system is not an automatic telephone dialing system. At least one type of call to Plaintiff was "a pure manual dial." (Dkt. No. 62 at 3-5.) RFA No. 27 asks SLC to admit that Plaintiff made no misrepresentation of "present fact" to it. Defendants intend to present evidence that Plaintiff lied, and admitted to lying, to Defendants. (Dkt. No. 62 at 5-6.) RFA No. 26 asks SLC to admit that the purpose of its calls to Plaintiff was to sell its products. The parties stipulate that Plaintiff never purchased anything from, or signed any agreement with, any defendant. (Dkt. No. 61 at 2.) SLC appears to dispute that its calls were for the purpose of soliciting business. (Parlier Depo. at 58:14-59:9.) Although it is not clear, RFA No. 8 may be directed to evidence that will be introduced as evidence in the case.

On the other hand, RFA No. 24 calls for SLC to admit that Plaintiff was "on his cellular telephone during your calls to him." The parties stipulated that a particular phone number has been assigned to a cellular telephone service and has been a residential line. (Dkt. No. 61 at 2.) Therefore, it does not appear that withdrawal of RFA No. 24 would promote presentation of the merits.

"The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. "'The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.'" *Id.* (citation omitted).

Plaintiff contends that he is prejudiced by the withdrawal of admissions. This court previously advised Plaintiff that he could file a discovery motion as to two items on or before June 19, 2019. (Order dated June 11, 2019, Dkt. No. 51.) The first item was his complaint that Defendants had refused to (1) engage in an iterative process regarding keywords and hit counts; and (2) search electronically stored information using keywords. (Dkt. No. 49 at 2.)

Plaintiff did not file the discovery motion as he was permitted to do by this court. Plaintiff argues that he made that decision based on SLC's admissions. "Refraining from conducting discovery regarding an admitted issue, standing alone, does not constitute prejudice: the non-moving party must show that it cannot overcome the deficit and will, as a result, have difficulty meeting its burden at trial." *Anderson v. Anderson*, 2019 U.S. Dist. LEXIS 88972, **3-*4 (W.D. Wash. May 28, 2019). The time line does not support Plaintiff's assertion that he forewent discovery in reliance on the admissions. One month before the Order dated June 11, 2019, defense counsel had served responses to the requests for admissions and advised that he intended to file a motion to withdraw admissions. (Branch Decl. ¶¶ 10-11.) Mr. Crenshaw appeared for his second deposition on May 15, 2019, albeit belatedly. (*Id.* ¶ 12.) Thus, Plaintiff could have relied upon the admissions for only a few days before SLC served denials and sought withdrawal. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (5th Cir. 2002) (noting absence of prejudice when opposing party relied on admissions for six days before receiving request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1093-AG (AGRx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Performance SLC LLC., et al. | | |

withdrawal); *Manipoun v. Dibela*, 2018 U.S. Dist. LEXIS 194333, *8, *11-*12 (S.D. Cal. Nov. 13, 2018) (granting motion to withdraw admissions; noting only 16-delay in serving responses to RFAs; collecting cases). This is not a case in which the motion for withdrawal was made in the middle of trial when prejudice is more likely. *Hadley v. United States*, 45 F.3d 1345, 1348-49 (9th Cir. 1995).

Moreover, Plaintiff has not shown what specific discovery he did not obtain or how such discovery relates to the admissions. Plaintiff argues that it has documents or deposition testimony that corroborate the admissions. Under these circumstances, however, withdrawal or amendment would require Plaintiff to prove the previously admitted fact at trial. No other prejudice is apparent. *Id.* at 1349 (rejecting similar prejudice arguments and concluding district court abused discretion in denying motion to withdraw admissions).

SLC objected to the remaining RFAs. It is not clear on the existing record that any RFA in this category would resolve any claim in this case. In other words, the merits of each claim would still be addressed even if the admissions would remain in place. Plaintiff has therefore not shown any prejudice to his ability to present his case at trial. Withdrawal or amendment of these RFAs will be granted. *Anderson*, 2019 U.S. Dist. LEXIS 88972, *4-*5.

Even assuming that SLC can show that the merits of the action will be subserved and that Plaintiff will not suffer cognizable prejudice, Plaintiff argues that the court should exercise its discretion to deny withdrawal or amendment because SLC has not shown good cause for its delay in bringing the motion. Plaintiff's argument is not persuasive in light of the record before the court. As discussed above, SLC served its discovery responses on May 10, 2019 and Mr. Crenshaw appeared for his second deposition on May 15, 2019. This court's procedures require that counsel confer in an effort to resolve discovery disputes before requesting a discovery conference with the court. On June 7, 2019, Defendants requested a telephonic discovery conference with the court. (Dkt. No. 47.) Counsel are required to participate in a discovery conference with the court prior to filing any discovery motion. The court conducted the telephonic discovery conference on June 11, 2019, after the parties filed a joint agenda on June 10, 2019. (Dkt. Nos. 49-50.) This court advised the parties that they could file their respective discovery motions on or before June 19, 2019. (Dkt. No. 51.) Defendants timely filed the motion for withdrawal of admissions. Plaintiff's citation to *Rodriguez v. L.A. Cnty. Sheriff's Dep't*, 2015 U.S. Dist. LEXIS 189809 (C.D. Cal. Sept. 4, 2015), is inapposite. In that case, the defendants advised Plaintiff's counsel that the failure to serve timely responses to RFAs resulted in admissions. "*Plaintiff took no action to seek relief from the consequences of his failure to timely file responses.*" *Id.* at *7 (italics in original). By contrast, after being notified of the failure to serve timely responses, SLC served responses in one day and advised Plaintiff that it intended to file a motion for withdrawal of admissions. SLC promptly used this court's procedures for discovery dispute resolution.

IT IS ORDERED that SLC's motion for withdrawal of admissions is GRANTED except that SLC's motion to withdraw the deemed admission to RFA No. 24 is denied. The hearing on July 23, 2019 is VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1093-AG (AGRx) | Date | July 17, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Performance SLC LLC., et al. | | |

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kl | | |