# Sapan v. Us Fin. Options

United States District Court for the Central District of California

August 19, 2019, Decided; August 19, 2019, Filed

SACV 18-00753 AG (JDEx)

**Reporter**
2019 U.S. Dist. LEXIS 140298 *

PAUL SAPAN ET AL. v. US FINANCIAL OPTIONS, LLC ET AL.

**Counsel:** [*1] For Paul Sapan, Plaintiff: Christopher J Reichman, LEAD ATTORNEY, Prato and Reichman APC, San Diego, CA.

For Libre Technology, Inc, a California Corporation, doing business as Student Loan Service, doing business as StudentLoanService US, Defendant: Joshua D Mackenroth, Law Office of Joshua D Mackenroth, San Diego, CA.

For Antony Murigu, Jason Blackburn, Brian Blackburn, John Casarietti, Interested Parties: Joshua D Mackenroth, Law Office of Joshua D Mackenroth, San Diego, CA.

For Libre Technology, Inc, a California Corporation, Cross Claimant: Joshua D Mackenroth, Law Office of Joshua D Mackenroth, San Diego, CA.

**Judges:** ANDREW J. GUILFORD, United States District Judge.

**Opinion by:** ANDREW J. GUILFORD

# Opinion

**CIVIL MINUTES — GENERAL**

**Proceedings: ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

In May 2018, Plaintiff Paul Sapan filed this lawsuit against Defendant Libre Technology, Inc. (and several other Defendants that have since been dismissed), asserting claims for violations of the Telephone Consumer Protection Act, violations of California's Consumer Legal Remedies Act, trespass to chattel, and unfair competition. (*See generally* Compl., Dkt. No. 1.) After some motion practice, Defendant stopped participating in this [*2] litigation, forcing the Court to strike Defendant's answer and enter default. (*See* Order, Dkt. No. 38.) Plaintiff now applies for default judgment, seeking $51,563 in damages and costs. (*See generally* Appl., Dkt. No. 41-1.)

The Court GRANTS Plaintiff's application. The Court AWARDS $51,000 in statutory damages and $563 in costs. The Court will enter a simple judgment.

## 1. BACKGROUND

Plaintiff alleges Defendant made seven prerecorded telephone calls to Plaintiff's home phone number attempting to pitch debt consultancy services. (Compl. at ¶ 8.) Plaintiff also alleges that his home phone number has been listed on the National "Do Not Call" registry since December 2007. (*Id*. at ¶ 11.) Plaintiff further alleges that none of the prerecorded calls were introduced by a live natural person, and that each of the calls failed to transmit certain Caller ID information. (*Id*. at ¶¶ 12-13.) Based on these and other facts, Plaintiff filed a complaint asserting various claims for violations of the TCPA and state law.

After Plaintiff filed his complaint, Defendant moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction. That motion was denied, and Defendant filed an answer asserting [*3] several counterclaims against Plaintiff. (*See generally* Answer, Dkt. No. 30.) After that, Defendant never filed anything in this case and failed to appear at the final pretrial conference hearing. So the Court issued an order to show cause for failure to appear, failure to prosecute, and failure to obey Court orders. (*See* Order to Show Cause, Dkt. No. 35.) Following the hearing on the order to show cause, the Court struck Defendant's answer and entered default against Defendant. (*See* Order, Dkt. No. 38.) Plaintiff now applies for default judgment for Defendant's alleged violations of the TCPA and CLRA (but not for Plaintiff's trespass to chattel or unfair competition claims). (*See* Appl. at 12 ("Plaintiff waives all rights to relief pursuant to claims of Trespass to Chattel and Unfair Competition Law").)

## 2. PROCEDURAL REQUIREMENTS FOR DEFAULT JUDGMENT

On an application for default judgment, the Court considers the procedural requirements of Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 of the Central District of California, along with several court-created factors. Further, the moving party bears the burden of showing: (1) when and against what party default was entered; (2) the identity of the pleading underlying the default; (3) that [*4] the defendant is not incompetent, an infant, or a member of the military; and (4) in some cases, that the defendant has been served with written notice of the application for judgment and the amount sought. Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

Plaintiff has met this procedural burden. *See* L.R. 5-3.2.2.

## 3. SUBSTANTIVE REQUIREMENTS FOR DEFAULT JUDGMENT

A district court's decision to enter default is discretionary. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true." *Nexon Am., Inc. v. Kumar*, No. 11-6991, 2012 WL 1116328, at *2 (C.D. Cal. Apr. 3, 2012); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (same); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Courts look to several factors to determine if default judgment is appropriate, including (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil

Procedure favoring decisions [*5] on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These are referred to as the "*Eitel* factors."

Here, the *Eitel* factors weigh in favor of granting default judgment. Absent default judgment, Plaintiff will be left without a remedy for Defendant's alleged violations of the TCPA and CLRA. This creates a possibility of prejudice to Plaintiff and shows that the first *Eitel* factor supports default judgment. *See, e.g., Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (lack of alternative remedy shows prejudice).

The Court also finds that Plaintiff's complaint sufficiently states claims for violations of the TCPA and CLRA, and that those claims have substantive merit. Plaintiff pled that Defendant knowingly made several prerecorded calls to his home phone number without his consent. (Compl. at ¶¶ 8-13.) Plaintiff has also pled that these calls were made to solicit Plaintiff for debt consultancy services, that Plaintiff's home phone number is on the National "Do Not Call" Registry, and that Defendant failed to provide certain identifying information when making these calls. (*Id.* at ¶¶ 11, 25, 97-98.) Plaintiff has also provided a call log outlining the calls he received from Defendants. (*See* Appl. at Exh. 4.) That log is also accompanied by Plaintiff's notes explaining the [*6] content and source of each call. (*Id.*) Further, Plaintiff has submitted email confirmation that his phone number has been listed on the National "Do Not Call" Registry since 2007. (*Id.* at Exh. 5.) And Plaintiff has also submitted a lengthy declaration supporting his allegations and the documents those allegations are based on. (*See* Decl. of Paul Sapan ("Sapan Decl."), Dkt. No. 41-3.) Finally, since Defendant's answer has been stricken, the allegations in Plaintiff's complaint are now deemed admitted and are taken as true. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Nexon Am., Inc. v. Kumar*, No. 11-6991, 2012 WL 1116328, at *2 (C.D. Cal. Apr. 3, 2012) ("Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true.") Thus, Plaintiff has sufficiently pled meritorious claims under Section 227 of the TCPA and Section 1770 of the CLRA. *See* 47 U.S.C. Section 227(b)(1)(B), (c)(5); Cal. Code Civ. P. § 1770(a)(22)(A). Consequently, the second and third *Eitel* factors regarding the sufficiency of the pleadings and the substantive merits of Plaintiff's case favor default judgment.

As for the amount at stake, the fourth *Eitel* factor, [*7] Plaintiff seeks $51,563: $51,000 in statutory damages and $563 in costs. (Appl. at 17.) This amount assumes Defendant knowingly made seventeen unlawful prerecorded calls to Plaintiff's home phone number in violation of two distinct subsections of the TCPA. (*See* Appl. at 7.) *See also* 47 U.S.C. §§ 227(b)(3), (c)(5). Plaintiff doesn't seek any damages under the CLRA (only attorney fees, which Plaintiff plans to move for after default judgment is granted). This request is reasonable given Defendant's repeated statutory violations and Plaintiff's well-supported allegations that each of these violations were committed willfully and knowingly. (Compl. at ¶¶ 109, 115; *see also* Decl. of Paul Sapan, Dkt. No. 41-3 at ¶¶ 46-54.) Thus, the fourth factor weighs in favor of default.

And finally, considering Defendant's unexplained inaction in this case, the remaining factors—the possibility of factual disputes, the presence of excusable neglect, and the judicial preference for decisions on the merits—tilt in favor of Plaintiff. By failing to attend hearings in this case or otherwise participate in this action (including by responding to this motion), or prevent entry of default, Defendant has admitted well-pled factual allegations and weakened any [*8] explanation it might have for neglect. In sum, the Court finds the *Eitel* factors support granting default judgment.

## 4. DISPOSITION

The Court GRANTS Plaintiff's application for default judgment. The Court AWARDS $51,000 in statutory damages and $563 in costs. The Court will enter a simple judgment.

## JUDGMENT

The Court enters Judgment in favor of Plaintiff and against Defendant Libre Technology, Inc. Defendant must pay a statutory award of $51,000 to Plaintiff. Defendant must also pay $563 in costs to Plaintiff.

Dated August 19, 2019

Hon. Andrew J. Guilford

United States District Judge

End of Document